# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HESS CORPORATION f/k/a AMERADA HESS CORPORATION, | CIVIL ACTION NO. 3:08-CV-1430 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| SCOTT KESSLER and KIMBERLY NICHOLSON KESSLER, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Hess Corporation f/k/a Amerada Hess Corporation's ("Hess") Complaint, filed July 31, 2008. (Doc. 1.)

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.,* 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction.   In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the company's state of incorporation and its principal place of business.  28 U.S.C. § 1332(c)(1).   It has been alleged in the Complaint that the Plaintiff is a Delaware corporation with a business address in Woodbridge, New Jersey.  No statement is included to allege the principal place of business of the Plaintiff.

Furthermore, citizenship is insufficiently alleged as to the individual Defendants.  In the Complaint, Plaintiff alleges that Defendants Scott Kessler and Kimberly Nicholson Kessler are "adult individual[s] maintaining" an address in the Commonwealth of Pennsylvania.  (Compl. ¶¶ 2, 3, Doc. 1.)   It is well established that the term "citizenship" is not synonymous with "resident," or in this case "maintaining an address."  *See Pa. House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991) (McClure, J.) ("Although a party's residence is *prima facie* evidence of domicile, residency alone is insufficient to establish jurisdiction on the basis of diversity: two elements are necessary to establish domicile, residency coupled with an intent to continue to remain at that location."). Therefore, diversity is insufficiently alleged as to these individual Defendants.

Accordingly, the Court will dismiss the Complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this  5th  day of August, 2008, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.   The Clerk of the Court shall mark this case **CLOSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge
